## SUPREME COURT.

### Isaac W. Thompson vs. Leonard Blanchard, &c.

The old practice of moving on a case, or bill of exceptions, to set aside a verdict or nonsuit, and all the proceedings to review, by the Supreme Court at general term, the rulings and decisions of a single justice thereof at circuit, are still in force in all suits commenced before the code took effect, and must be adopted and pursued in such cases. (See same cause reported on a similar question, 3 How. Pr. R. 399.)

*General Term, Jan.* 1850.—Motion by defendant to amend the judgment-record by incorporating therein the bill of exceptions, and for a stay of proceedings.

This suit was commenced before the original code took effect. It was tried at the October circuit, 1848, for Washington county. The plaintiff recovered a verdict. The defendant, according to the old practice, made and served a case to enable him to move to set aside the verdict. To the

case so made and served, the plaintiff under a protest proposed amend-- ments. The case and amendments were settled by the justice who tried the cause. The case contained a stipulation giving to either party the right to turn the same into a bill of exceptions. The cause on the case was brought on to argument at a general term of the Supreme Court for this district, and was argued by the plaintiff and the counsel of the defendant, and at the general term of the Supreme Court held in September, 1849, the motion for a new trial made on the part of the defendant was denied. The defendant has since such decision turned the case into a bill of exceptions, and has procured the signature thereto of the justice who tried the cause and has filed the bill of exceptions with the clerk of the county of Washington. The defendant since he so filed the bill of exceptions has brought an appeal to the Court of Appeals and has taken the steps required by the code to make such appeal effectual.

By the Court, PAIGE, Justice.—It is objected that the motion of the defendant to amend the judgment record should not be granted, upon the ground that the Supreme Court had no jurisdiction of the cause on the case made by the defendant, as it was not brought up before that court at a general term by appeal from the decision of Justice HARRIS, who tried the cause, under the 4th chapter of the title of the original code relative to appeals. I think this objection is not well founded. The original code (8th section) was made applicable only to civil actions commenced after it should take effect. And the supplemental act did not make chapter 4 of the 11th title of the code in relation to appeals in the Supreme Court from a single justice thereof to the general term applicable to existing suits. This left the old practice in full force and applicable to all proceedings to obtain a review of the rulings and decisions of a single justice at circuit by the Supreme Court at a general term in suits commenced before the code took effect. Sections 469 of amended code and 389 of the original code, declare that the rules and practice of the courts, where consistent with the code, shall continue in force subject to the power of the courts to relax, modify or alter the same. The amended code has made no alteration in this respect, and in all suits commenced before the original code took effect parties intending to move to set aside a non-suit, or verdict, must still make and serve a case or bill of exceptions according to the old practice of the court and found his motion thereon. An appeal in such cases to the general term according to the provisions of the code cannot be taken.

I am aware that section 323 of the amended code which was section 271 in the original code abolishes writs of error and declares that the

only mode of reviewing a judgment or order shall be that prescribed by the code, and that this section is made by the supplemental act applicable to existing suits. But this section, so far as existing suits are concerned, must be deemed as being applied to appeals to the Court of Appeals; to appeals to the Supreme Court from an inferior court, and to appeals to a County Court from a Justice's Court; all which are by the supplemental act made applicable to existing suits. The significant omission in the supplemental act of every section of the code which relates to appeals in the Supreme Court, from a single judge to a general term, among those made applicable to existing suits, very clearly shows that the Legislature intended to leave in force the old practice of moving on a case or bill of exceptions, to set aside a non-suit or verdict in all suits commenced before the code took effect.

The case of *Tilly* v. *Philips* in 3 How. Pr. R. 365, cited on the argument of this motion has no application to the question now under consideration. In that case the question was whether an appeal under the amended Judiciary Act of 1847, from an order made upon a bill of exceptions by the Supreme Court, would lie to the Court of Appeals, where the order was made after the code took effect. In that case the plaintiff had taken a bill of exceptions and the Supreme Court had granted a new trial and the defendant had appealed to the Court of Appeals. This case is also reported in Comstock, (1 Comstock, 610.) The other cases in Comstock to which I have been referred by the plaintiff, (1 Comst. 228, 423, 429,) are all cases relating to appeals to the Court of Appeals from the Supreme Court, and are not applicable to the question, as to what is the proceeding which must be adopted in suits existing when the code took effect, to obtain a review by the Supreme Court at a general term, of the rulings and decisions of a single justice thereof at circuit, which is the question now under consideration. The 11th section of the amended code authorizes the defendant in this case to take an appeal to the Court of Appeals. That section gives the Court of Appeals the power to review every actual determination of the Supreme Court made at a general term in an action commenced therein.

But if the cause was not properly brought before us at a general term on a case made in accordance with the old practice, I think the plaintiff by acquiescing in the mode adopted by the defendant to obtain a review of the rulings of Justice HARRIS at the circuit, waived any objection which he might have taken *in limine* to the proceedings of the defendant and to the jurisdiction of this court.

The defendant is entitled to the relief asked for in his notice of motion